## MORTON v. MORTON.

M., by will, directed a division of his personal estate among his five children and their issue, deducting however all advancements, provided the personal estate should be sufficient, by such deductions, to make an equal division of the same ; and if not, that the income and rents of the realty bequeathed to such of the children having such advancement should be retained and appropriated to the repayment of such advancement until the same was reduced to $6,000, and that such $6,000, or any advancement under that sum should be considered a permanent loan, bearing interest, payable from the respective share and income of the rents of the party having such advancement and the principal to be deducted from the respective share of the real estate upon a final division. The personal property, including the debts due from two of the sons, amounted to $27,820— one of these debts was for $6,000, and the other $10,000 ; and, owing to the deficiency of the personal estate, to give each of the children $6,000, a question arose as to the manner of dividing the personalty : *Held*, that the personalty must be equally divided amongst the five children, without reference to these advances ; and that such advances must be turned over to the real estate.

Thomas C. Morton, by his will bearing date the twenty-sixth day of April one thousand eight hundred and thirty-three (after bequeathing several specific and pecuniary legacies) devised the residue of his estate, both real and personal, to trustees, who were also appointed executors, in trust :

*May* 12.
1835.

*Will.*

1. To divide his library, as near as might be, equally amongst his five children ;

2. Out of the rents and profits of his real estate to pay off and discharge all mortgages and incumbrances thereon ;

3. After such payments in full, to divide the rents and income amongst his five children during their lives and the issue of such as should be dead, *per stirpes*, until the final division of the real estate as thereinafter provided ; this trust, however, to be controlled by the powers after granted ;

4. On the death of the survivor of the five children, to sell the estate and divide the proceeds among the right heirs of the five children. If any of his sons should die without

lawful issue surviving him, his share of the rents was to be paid to his widow for life. The children were to have power, by will or deed of appointment, to dispose of their shares of the rent and of the principal to any person or persons being descendants of the testator ;

5. To divide the personal estate or the proceeds thereof, not before specifically bequeathed, to and amongst the five children and their issue, deducting, however, therefrom all advancements made to them, if the personal estate should be sufficient, by such deductions, to make an equal division of the same ; and if not, then that the income and rents of the real estate, that is to say, the share and shares of the rents bequeathed to such child or children having such advancement, should be retained and appropriated to the repayment of such advancement, until such advancement or advancements were reduced to six thousand dollars each, and that such sum and sums of six thousand dollars or any advancement under that sum should be considered a permanent loan, bearing interest, payable from the respective shares of income and rents of the person and persons having such advancements and the principal to be deducted from the respective shares of the real estate upon a final division thereof.

The testator left real estate of the value of about sixty thousand dollars, which produced an annual income of three thousand four hundred dollars, but the same was encumbered by mortgages to the amount of about twelve thousand dollars. His personal estate, including the debts due by his sons Peter and Thomas, amounted to twenty-seven thousand eight hundred and twenty dollars ; and of these debts, one was now reduced to six thousand dollars and the other was about ten thousand dollars—these sums remained due to the estate and were the advancements alluded to in the will.

Owing to a deficiency of the personal estate to give each of the five children six thousand dollars upon the division and on account of the impossibility of making an equal apportionment among them so as to allow any one to retain to the amount of six thousand dollars for his share, a question arose as to the manner in which the personal estate was to be divided by the trustees under the will ? The bill

in the present case had been filed for the purpose of determining this question and to obtain the direction of the court in the matter.

1835.

MORTON
*v.*
MORTON.

Mr. *Raymond* and Mr. *H. Maxwell*, for the complainant.

Mr. *S. A. Foote*, for the defendants.

THE VICE-CHANCELLOR :—No question has been made as to the validity of the will concerning the real estate. For the purposes of the present suit, all parties in interest must be deemed to acquiesce in the validity of the trusts of the realty as well as in those of the personal property.

*October* 5.

The fifth trust-clause of the will, upon which this question arises, seems to me to admit of but one construction consistently with the object and meaning of the testator.

He, in the first place, directs a division and distribution of his personal estate, not otherwise specifically bequeathed, to and amongst his five children, deducting what is to be charged to each with all advances made to them, so that, in the division, the monies advanced by him in his lifetime to his sons are to be taken into the account and to constitute a part or to absorb the whole of their shares as the case may happen to be, having reference to an equality among them all : for he expressly says, " if said personal estate be sufficient by such deductions to make an equal division of the same." This equality, then, is a condition upon which a division, by bringing in the advancements, is to be made. But it turns out that the amount of the personal estate, including the debts or money owing by his sons, does not admit of a compliance with this condition. The amount advanced to each exceeds considerably a one equal fifth part of the whole twenty seven thousand eight hundred and twenty dollars :—a division and distribution upon that principle therefore fails ; and, in that event, the testator declares it to be his will that the shares of the rents and income of the real estate, as previously devised, belonging to such of the children as have received advancements, shall be retained and appropriated to the re-payment thereof until

reduced to six thousand dollars each and that sum to be considered a permanent loan on interest chargeable upon their shares respectively of the real estate.

·Here, then, by the express directions of the will, the amounts of the advancements, as they are called, which, in one event, were to be charged upon and taken out of the shares of the personal estate upon a division, but which event has not happened, are, in the alternative, transferred to and charged upon the real estate ; and the ways and means are provided for the liquidation and re-payment of the whole amount out of the real estate to the entire exoneration of the shares of the personalty. It follows, as a necessary consequence, that the personal estate, which is still to be divided, must be apportioned equally amongst the five, excluding altogether the advances and taking no notice of them in the account of the personal estate or in the division.

As to the debts owing to the testator from some of his children and devisees : he has thought proper, in the event of such debts absorbing more than their equal shares of his personal property, to turn them over to his real estate to be paid out of the shares which he has given them there and which will be abundantly sufficient.

This appears to me to be a clear and simple exposition of the will and one which comports with the views which the testator has expressed. Any other construction or mode of dividing the personal estate than by simply deducting from the twenty-seven thousand eight hundred and twenty dollars the amount of the advancements to Peter and Thomas, and apportioning the residue into five equal parts and paying over to each child his and her one fifth part, leaving those advancements to be repaid and deducted from their shares of the real estate in the manner pointed out, which eventually will make them all equal, would, I consider, be making a new will for the testator, instead of conforming to the one already made.

Decree accordingly. Costs to be paid out of the personal estate.